IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KRYSTAL NEGRON,
on behalf of herself and others similarly
situated,

    Plaintiff,

vs.

RED CRAB FL LLC, a Florida Limited
Liability Company, RED CRAB
JENSEN LLC, a Florida Limited Liability
Company, ZHUANGHUA LIN,
and DEIRDRA HESTER, individuals,
jointly and severally,

    Defendants.
_____/

**COLLECTIVE ACTION**

**COMPLAINT**

**INTRODUCTION**

1.    This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA") to recover unpaid minimum wages owed to Plaintiff KRYSTAL NEGRON (hereinafter, "NEGRON"), and all others similarly situated to her who were formerly or are currently employed as servers by Defendants RED CRAB FL LLC, (hereinafter, "RED CRAB FL"), RED CRAB JENSEN LLC, ("RED CRAB JENSEN), ZHUANGHUA LIN (hereinafter "LIN") and DEIRDRA HESTER (hereinafter, "HESTER") in the Red Crab Juicy Seafood Restaurant and Bars located in Port St. Lucie and Jensen Beach, Florida.  NEGRON brings a separate claim on her own behalf against Defendant RED CRAB JENSEN for unpaid overtime.

2.    Pursuant to the FLSA, Plaintiff, on behalf of herself and all others similarly

1

situated to her, seeks unpaid minimum wages, liquidated damages or pre-judgment interest, post-judgment interest, attorneys' fees and costs from Defendants.

3. Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly or are currently employed by Defendants, and who were paid in a similar manner as Plaintiff, or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. §216(b).

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in St. Lucie and Martin County, Florida and within the Southern District of Florida.

## PARTIES

6. Plaintiff NEGRON was, at all material times, a resident of St. Lucie County, Florida and was employed as a manager and server at Defendants' Red Crab Juicy Seafood and Bar Restaurants located in Port St. Lucie and Jensen Beach, Florida.

7. Defendant, RED CRAB FL, is the corporate entity that owns and operates the Red Crab Juicy Seafood and Bar located in Port St. Lucie, Florida, is a Florida Limited Liability Company doing business within the Southern District of Florida, and is an enterprise engaged in an industry affecting interstate commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or

materials that have been moved in or produced for interstate commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206.

8. Defendant, RED CRAB JENSEN, is the corporate entity that owns and operates the Red Crab Juicy Seafood and Bar located in Jensen Beach, Florida, is a Florida Limited Liability Company doing business within the Southern District of Florida, and is an enterprise engaged in an industry affecting interstate commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

9. Defendants LIN and HESTER, who reside in New York, but own and/or operate Defendants' Port St. Lucie and Jensen Beach restaurants.

10. Defendants LIN and HESTER acted and act directly in the interests of Defendants RED CRAB FL and RED CRAB JENSEN, in relation to its employees. To wit, both LIN and HESTER exercised authority over NEGRON, set her schedule, determined her pay, determined her job duties and controlled all aspects of her employment. Thus, LIN and HESTER were and are employers within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

11. At all times material, Plaintiff was an employee of Defendants within the meaning of the FLSA.

12. At all times material, during Plaintiff's employment with Defendants, Plaintiff

was engaged in interstate commerce or in the production of goods for commerce.

13. At all times material, Defendants RED CRAB FL and RED CRAB JENSEN were both "enterprises engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA

14. At all times material, Defendants RED CRAB FL and RED CRAB JENSEN constitute a single enterprise within the meaning of 29 U.S.C. § 203(r)(1) as they perform related activities through unified operation and/or common control for a common business purpose. To wit: RED CRAB FL and RED CRAB JENSEN share employees, marketing, have a common human resources department and administration, share the same menu and food products from the same distributors and have common ownership.

## FACTUAL ALLEGATIONS AS TO MINIMUM WAGE

15. The allegations in Paragraphs 1 through 14 are incorporated as if fully stated herein.

16. Plaintiff is a former employee of Defendants where, from on or about November 2020, through May 12, 2022, Plaintiff worked as a server for Defendants' Port St. Lucie restaurant.

17. Defendants hire servers and offer to pay them a tip credit wage that purportedly complies with the minimum wage provisions of the FLSA.

18. Defendants require their employees to attend bi-weekly mandatory deep cleaning meetings that are scheduled after hours and last approximately 2 hours. During these deep cleaning meetings, employees are required to thoroughly clean all areas of the restaurant.

19. Servers who attend these deep cleaning meetings are paid the tip credit wage.

20. Because the servers are performing non-tip producing tasks, and tasks that are not incidental to serving customers, the servers are entitled to the full minimum wage.

21. Upon information and belief, there are several other similarly situated individuals who were hired as servers, required to attend deep cleaning meetings, were paid only the tip credit wage, and would be interested in joining this action if they were notified of the same.

22. Defendants' pay practices violates the FLSA by failing to pay Plaintiff, and all others similarly situated, the requisite minimum wage.

## LEGAL CLAIMS

### COUNT I as to Plaintiff and Other Similarly Situated Servers:
### Failure to Pay Minimum Wages in Violation of 29 U.S.C. § 206 By All Defendants

23. The allegations in Paragraphs 1 through 22 are realleged and fully incorporated by reference herein.

24. By their actions alleged above, Defendants willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires minimum wages to be paid to its employees, including those set forth in the provisions of 29 U.S.C. §§ 206 and 18(a).

25. As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly situated to her have been deprived of minimum wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

A. To authorize the issuance of notice at the earliest possible time to all current and former employees who were employed by Defendants who were similarly deprived of minimum wages. This notice should inform them that this action has been filed, describe the nature of the

action, and explain their right to opt into this lawsuit if they were not paid minimum wages as required by the FLSA;

  B. To declare that Defendants have violated the minimum wage provisions of the FLSA, 29 U.S.C. §§ 206 and 18(a), as to Plaintiff and persons similarly situated;

  C. To declare that Defendants' violations of the FLSA were willful;

  D. To award Plaintiff and other similarly situated current and former employees of Defendants adequate damages for the amount of unpaid minimum wage compensation they are owed, subject to proof at trial;

  E. To award Plaintiff and other similarly situated current and former employees of Defendants liquidated damages in an amount equal to the unpaid minimum wages shown to be owed pursuant to 29 U.S.C. §216(b);

  F. If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

  G. To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

  H. To award Plaintiff and other similarly situated current and former employees of Defendants their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II (only as to Plaintiff Negron):**
**Failure to Pay Overtime in Violation of 29 U.S.C. § 207 By Defendants**

26. The allegations in Paragraphs 1 through 14 are realleged and fully incorporated by reference herein.

27. Plaintiff NEGRON was first hired by Defendants as a "manager" at their Jensen Beach restaurant sometime in October 2020.

28. For approximately five (5) weeks, NEGRON was paid various rates as a manager,

but her primary job duty was not management. Rather, NEGRON's primary job duties were serving customers and cleaning the restaurant. Managerial duties were substantially performed by Plaintiff's supervisors, who were the actual managers of the Jensen Beach Restaurant.

29. While working as a manager, NEGRON worked in excess of 40 hours per week.

30. NEGRON was not paid overtime compensation during the time that she worked at the Jensen Beach restaurant.

31. By virtue of NEGRON's actual job duties and despite her job title as "Manager," NEGRON was a non-exempt employee and was thus entitled to overtime.

32. The failure to pay overtime compensation to NEGRON is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee, or in the alternative, if the intention was for NEGRON to be exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to her.

33. Defendants' actions were willful and purposeful as they were well aware of the Fair Labor Standards Act and NEGRON's status as non-exempt, but chose not to pay her in accordance with the Act.

34. NEGRON is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendants:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, NEGRON, prays that this court will grant judgment against Defendants:

    A. awarding NEGRON payment of overtime compensation found by the court to

be due to her under the Act, including pre-judgment interest;

      B.      awarding NEGRON an additional equal amount as liquidated damages;

      C.      awarding NEGRON her costs, including a reasonable attorney's fee; and

      D.      granting such other and further relief as is just.

### Jury Trial

Plaintiff demands trial by jury on all issues so triable.

### CONSENT TO JOIN
### PURSUANT TO 29 U.S.C. §216(b)

I, Krystal Negron, hereby consent and agree and opt-in to become a plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/Krystal Negron*
Krystal Negron

Dated: May 19, 2022
Plantation, Florida

                                                  Respectfully submitted,

                                                  */s/Robert S. Norell*
                                                  Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                                  E-Mail: rob@floridawagelaw.com
                                                  **ROBERT S. NORELL, P.A.**
                                                  300 N.W. 70th Avenue
                                                  Suite 305
                                                  Plantation, Florida 33317
                                                  Telephone: (954) 617-6017
                                                  Facsimile: (954) 617-6018
                                                  *Counsel for Plaintiff*