UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14179-CIV-MAYNARD

**KRYSTAL NEGRON,** *on behalf of himself
and all others similarly situated*,

    Plaintiff,

v.

**RED CRAB FL LLC,** *et al.*,

    Defendants.

_____/

**ORDER ON PLAINTIFF'S MOTION TO TO FACILITATE NOTICE (29 U.S.C.
§ 216(b)) AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT
("MOTION TO FACILITATE NOTICE CERTIFY") (DE 5)**

**THIS CAUSE** is before me on Plaintiff's Motion to Facilitate Notice under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"). DE 5. Defendants have responded (DE 28), and Plaintiff has replied (DE 29). For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

### BACKGROUND

On May 19, 2022, Plaintiff Krystal Negron filed a Complaint on behalf of herself and others similarly situated against Defendants Red Crab FL LLC ("Red Crab FL"), Red Crab Jensen LLC ("Red Crab Jensen"), Zuanghua Lin ("Lin"), and Deirdra Hester ("Hester"). DE 1. The Complaint alleges that Defendant Red Crab FL owns and operates a Red Crab Juicy Seafood restaurant and bar in Port St. Lucie, Florida and that Defendant Red Crab Jensen owns and operates a Red Crab Juicy Seafood restaurant and bar in Jensen Beach, Florida. *Id.* at ¶¶7, 8. Further, the Complaint alleges that Defendants Lin and Hester own and/or operate the Port St. Lucie and Jensen Beach restaurants. *Id.* at ¶9. Additionally, Plaintiff contends that Defendants Red Crab FL and

Red Crab Jensen share employees, marketing, have a common human resources department and administration, share the same menu and food products from the same distributors and have common ownership. *Id.* at ¶14. Thus, Plaintiff alleges that the restaurants constitute a single enterprise under the FLSA.[1] *Id.* (citing 29 U.S.C. § 203(r)(1)).

Plaintiff brings two counts: Count I for herself and others similarly situated[2] and Count II for only herself. DE 1 at 5-7. As to Count I, Plaintiff alleges that the corporate Defendants failed to pay minimum wages to their servers. *Id.* at 4-6. Specifically, Plaintiff alleges that she worked as a server for the Port St. Lucie restaurant from November 2020 through May 2022 and that about every other week Defendants required servers to clean after hours for approximately two hours all areas of the restaurant for a tip credit wage.[3] *Id.* at ¶¶16-22. Because the after-hours cleaning did not provide any opportunity for tipped employees to earn tips, Plaintiff contends that she and other

---

[1] Under § 203(r)(1),

> "Enterprise" means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor. Within the meaning of this subsection, a retail or service establishment which is under independent ownership shall not be deemed to be so operated or controlled as to be other than a separate and distinct enterprise by reason of any arrangement, which includes, but is not necessarily limited to, an agreement, (A) that it will sell, or sell only, certain goods specified by a particular manufacturer, distributor, or advertiser, or (B) that it will join with other such establishments in the same industry for the purpose of collective purchasing, or (C) that it will have the exclusive right to sell the goods or use the brand name of a manufacturer, distributor, or advertiser within a specified area, or by reason of the fact that it occupies premises leased to it by a person who also leases premises to other retail or service establishments.

29 U.S.C. § 203(r)(1).

[2] There are three opt-in plaintiffs: Amber Haywood, Kylie Morehouse, and Amber Cornett. DE 6; DE 9. The consents to join do not provide specifics about which corporate Defendant employed them. DE 6-1; DE 6-2; DE 9-1.

[3] An employer may pay a tipped employee a wage below the minimum wage, known as a tip credit wage, so long as the tips make up the difference. *See Bowe v. HHJJ, LLC*, No. 616CV1844ORL37KRS, 2016 WL 11234451, at *2 (M.D. Fla. Dec. 13, 2016), *report and recommendation adopted*, No. 616CV1844ORL37KRS, 2017 WL 56401 (M.D. Fla. Jan. 5, 2017) (citing 29 C.F.R. §§531.50-531.60).

servers were not paid a requisite minimum wage under FLSA. *Id.* at ¶22. As to Count II, Plaintiff alleges that she was not paid overtime for work over forty hours during her employment as a manager at the Jensen Beach restaurant for five weeks beginning in October 2020. *Id.* at ¶¶26-34. According to Plaintiff, even though her title was "manager" during this time period, her duties were such that she was actually a non-exempt employee entitled to overtime pay under the FLSA. *Id.*

Plaintiff' currently seeks an order conditionally certifying her proposed FLSA collective action as to Count I. DE 5 at 9-12. Plaintiff also seeks Court authorization for the content and manner of her proposed notice to similarly situated current and former servers of *both* restaurants. *Id.* Affidavits attached to Plaintiff's Motion to Facilitate Notice address only servers employed at Red Crab FL in Port St. Lucie and describe that servers at that restaurant were required to perform the previously discussed after-hours cleaning for a tip credit wage. Indeed, Plaintiff attaches affidavits from herself (DE 5-3), opt-in plaintiff Amber Haywood (DE 5-2) and opt-in plaintiff Kylie Morehouse (DE 5-4). The affidavits indicate that Plaintiff and the opt-in plaintiffs all worked as servers for Red Crab FL in Port St. Lucie at various times from November 2020 to May 2022. *See* DE 5-3 ("… employed as a server … in Port St. Lucie … on or about November 2020 [until] on or about May 12, 2022"); DE 5-2 ("… hired to work as a server … in Port St. Lucie … from about January 1, 2021 to June 2021"); DE 5-4 ("… worked [as a server] in Port St. Lucie from October 2020 to June 2021"). There are no affidavits from current or former servers employed at Red Crab Jensen in Jensen Beach.

The opt-in plaintiffs' declarations are very similar to Plaintiff's. All declare that Red Crab FL in Port St. Lucie paid them, as servers, a tip credit wage for mandated after-hours cleaning. DE 5-2 at ¶¶1-5; DE 5-3 at ¶¶1-7; DE 5-4 at ¶¶1-7. In addition, all attest that twelve or more

servers would regularly attend the mandatory "deep-cleaning meetings" at the Port St. Lucie restaurant about once every two weeks for approximately two hours. DE 5-2 at ¶¶1-5; DE 5-3 at ¶¶1-7; DE 5-4 at ¶¶1-7. All also declare their certainty or confidence that other servers who participated in the deep cleaning meetings at the Port St. Lucie restaurant will desire to participate in the lawsuit if made aware. DE 5-2 at ¶6; DE 5-3 at ¶8; DE 5-4 at ¶8.

## DISCUSSION

Section 216(b) of the FLSA authorizes employees to bring collective actions against employers accused of violating the statute's provisions subject to the requirement that prospective plaintiffs file a written consent in the court where the action is brought. *See* 29 U.S.C. § 216(b); *see also Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001) ("[A] putative plaintiff must affirmatively opt into a § 216(b) action by filing his written consent with the court in order to be considered a class member and be bound by the outcome of the action." (citations omitted)). The Supreme Court has held that district courts, in their discretion, may facilitate notice to potential plaintiffs so that they may have an opportunity to opt-in. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-72 (1989).

The Eleventh Circuit has endorsed a two-stage method of certification for a collective action under the FLSA. *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). During the first stage, also known as the "notice" or "conditional certification" stage, a court determines whether other similarly situated employees exist who should be notified and given the opportunity to opt-in as plaintiffs in the case. *Id.* at 1261. The second stage usually involves a motion for decertification following discovery at which point a court re-examines the question of certification. *Hipp*, 252 F.3d at 1218. At the second stage, a plaintiff's burden to satisfy the similarly-situated requirement is heavier, and the Court is able to make a more informed decision

about whether plaintiffs are similarly situated, given the more robust record. *See Anderson v. Cagle's Inc.*, 488 F.3d 045, 953 (11th Cir. 2007).

To conditionally certify an FLSA class at stage one, the court must determine that there are other employees who: (1) are similarly situated with respect to their job requirements and pay provisions, and (2) desire to opt into the case. *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991). These two elements have been referred to as the similarly situated prong and the interest prong. *Reyes v. AT&T Corp.*, 801 F. Supp. 2d 1350, 1356 (S.D. Fla. 2011). Unlike stage two where decertification is at issue, a district court's decision at stage one is typically based on limited information in the form of pleadings and affidavits. *Hipp v. Liberty Nat'l. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). Given the minimal evidence at this first stage, plaintiff's burden is not heavy and is subject to "'a fairly lenient standard.'" *Id.* at 1218-19 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1204, 1213-14 (5th Cir. 1995). In fact, the lenient standard controls a court's discretion at the first stage. *Morgan*, 551 F.3d at 1261. In other words, a plaintiff must initially show only a "reasonable basis" for claiming that other similarly situated employees exist. *Id.* at 1260–61. Even so, a plaintiff is required to show more than "counsel's unsupported assertions that FLSA violations are widespread and that additional plaintiffs would come from other stores." *Id.*

I. **Similarly Situated Prong**

Courts commonly consider five factors at stage one in determining whether members of a class are similarly situated: (1) whether plaintiffs held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether plaintiffs were subjected to the same policies and practices, and whether the policies and practices were established in the same manner and by the same decision maker; and

(5) the degree to which the actions constituting the claimed violations are similar. *See Rojas v. Garda CL Se., Inc.*, 297 F.R.D. 669, 697 (S.D. Fla. 2013); *Smith v. Tradesmen Int'l, Inc.*, 289 F. Supp. 2d 1369, 1372 (S. D. Fla. 2003); *Stone v. First Union Corp.*, 203 F.R.D. 532, 543-43 (S. D. Fla. 2001). No single factor is dispositive. *Rojas*, 296 F.R.D. at 697. "Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (internal quotations omitted). Furthermore, factual matters related to duties, locations, and other variations between putative plaintiffs have usually been reserved for the later stage in the process. *Carmody v. Fla. Ctr. For Recovery, Inc.*, No. 05-14295 CIV, 2006 WL 3666964, at *4 (S.D. Fla. Nov. 8, 2006) (collecting cases and explaining that it is inappropriate for the Court, at the notice stage, to "indulge in a fact finding determination on the merits of whether the alleged payment practices took place and whether the putative plaintiffs conclusively are similarly situated").

With respect to Red Crab FL in Port St. Lucie, Plaintiff meets her burden to show a reasonable basis for claiming that other similarly-situated employees exist. First, Plaintiff demonstrates that all held the same job title. Plaintiff and declaring opt-in plaintiffs all attest that they worked as *servers* for Defendant Red Crab FL. Given that all putative class members have the same title and job responsibilities, the first factor weighs in favor of conditional certification. Second, all worked in the same geographic location. All declare that they worked as servers at the restaurant *in Port St. Lucie, Florida*. Thus, factor two supports Plaintiff's contention that potential putative plaintiffs are similarly situated. Third, the alleged violations occurred during the same general time period because Plaintiff and declaring opt-in plaintiffs attest to working at various times from November 2020 to May 2022. Further, this timeframe would be within the period within which Plaintiff limits the temporal scope—three years prior to the sending of notice (DE 5

at 10). *See Wright v. Waste Pro USA, Inc.*, No. 0:19-CV-62051-KMM, 2020 WL 8641581, at *7 (S.D. Fla. Dec. 22, 2020) (finding an FLSA collective action supported by factor three when some of the alleged violations occurred during the three years preceding the lawsuit). Fourth, all allege being subject to the same policies and procedures. Plaintiff need only show that putative plaintiffs "are similarly situated with respect to general workplace policies and practices." *Alequin v. Darden Restaurants, Inc.*, No. 12-61742-CIV, 2013 WL 3939373, at *6 (S.D. Fla. July 12, 2013) (Rosenbaum, J.). Here, however, Plaintiff and declaring opt-in plaintiffs go further and attest to the specific policy and practice that they allege was violative—requiring servers at the Port St. Lucie restaurant to perform after-hours deep cleaning for approximately two hours every other week. Therefore, factor four weighs in favor of conditionally certifying the collective. Fifth, there is a high degree of similarity as to the actions constituting the claimed violations; in fact, the actions are the same. All here declare that, as servers, they were paid a tip credit wage for performing required after-hours cleaning. Accordingly, I find that Plaintiff satisfies the similarly situated prong with respect to Defendant Red Crab FL located in Port St. Lucie.

As to Red Crab Jensen, Defendants argue that the collective should not include employees from this restaurant because Plaintiff failed to make a sufficient threshold showing that she is similarly situated to servers there.[4] I agree. Plaintiff fails to provide affidavits from any employees at Red Crab Jensen demonstrating that the Jensen Beach restaurant has required their servers to perform after-hours cleaning for a tip credit wage. DE 28. Plaintiff does not explicitly declare that she ever worked as a server at Red Crab Jensen, nor does Plaintiff allege that she was subject

---

[4] Defendants argue that the two restaurants are not a single enterprise. DE 28. Defendants' contention contradicts the allegations in the Complaint. Thus, Defendants ask the Court to make a credibility determination, which is inappropriate to do at the notice stage. *Carmody*, 2006 WL 3666964, at *4. Therefore, I find Defendant's argument unavailing at this stage in the litigation and do not discuss it further.

to being paid a tip credit wage for after-hours cleaning at the Jensen Beach restaurant. The same is true for the opt-in plaintiffs who provided declarations. None of them attest to having been subjected to the after-hours cleaning for a tip credit wage at the Jensen Beach restaurant. In sum, Plaintiff offers no evidence to support her allegations that the same pay policy applied to servers at Red Crab Jensen. Plaintiff's failure to provide any support that the Red Crab Jensen restaurant imposed the same after-hours cleaning requirement upon servers employed there is fatal to Plaintiff's request to include servers from this restaurant in the collective. *Morgan*, 551 F.3d at 1260-61; *see also Nattoo v. TPUSA-FHCS, Inc.*, Case No. 20–14207–CIV–MAYNARD, DE 57 at 9 (Jul. 8, 2021) (limiting the conditional class to one office "because that is the office where Plaintiff and the Opt-in Plaintiffs worked … [and] Plaintiffs … failed to show the existence of similarly situated employees from Defendant's other offices who desire to join th[e] litigation"). Therefore, I conclude that the conditional class is properly limited to current and former employees who worked at Defendant Red Crab FL's Port St. Lucie restaurant.

## II.   Interest Prong

To satisfy the interest prong at the notice stage, a plaintiff must make a showing that other employees have the desire to opt-in to the putative class. *Reyes*, 801 F. Supp. 2d at 1355. "The best evidence of a potential class is the existence of numerous named plaintiffs who have already opted in [.]" *Benitez v. Balans L.C.*, 2010 WL 11602404, at *3 (S.D. Fla. Dec. 6, 2010). Even so, the existence of just one other co-worker who desires to join the class is sufficient to satisfy the interest prong. *Bennet v. Hayes Robertson Group, Inc.*, 880 F. Supp. 2d 1270, 1283 (S.D. Fla. 2012); *see also Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290512, at * 4 (S.D. Fla. May 17, 2006) (the affidavit of at least one other co-worker raises the plaintiff's contention that others desire to join the suit beyond mere speculation). Here, Plaintiff demonstrates the

existence of at least three others who desire to opt-in, which supports an inference of broader interest. Therefore, Plaintiff has satisfied the interest prong.

For the reasons stated above, Plaintiff's request for conditional certification is granted in part. Specifically, I will conditionally certify and facilitate notice to the following proposed class:

> **current and former servers employed by Defendant Red Crab FL, LLC at any time within three years prior to date of mailing of the opt-in notice who were not paid full minimum wage while performing cleaning work for which the tip credit was unauthorized.**

*See* DE 5 at 2 (describing "Affected Employees").

### III. Discovery

To facilitate notice, Plaintiff requests that the Court order Defendants to produce a computer readable data file containing the names, addresses, Social Security and telephone numbers of "such salesperson employees within eleven days of this Court's Order granting Plaintiff's [instant] motion." DE 5 at 1. Defendants acknowledge Plaintiff's request and offer no objections to it in their response. DE 28.

The Court exercises "requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffmann-La Roche Inc.*, 493 U.S. at 170. *See also Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 921 (11th Cir. 2014) (affirming the district court's discretion to facilitate notice as well as its broad authority "to exercise control over the collective action"). In exercising its oversight authority, "courts must be scrupulous to respect judicial neutrality" and "to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche*, 493 U.S. at 174. This authority includes discovery to facilitate notice. *Id.* at 169-71.

Here, I am sensitive to protecting the privacy of those subject to notice. Therefore, I authorize only the disclosure of the last four digits of the social security numbers of putative members of the collective and also decline to authorize disclosure of telephone numbers absent a further showing. Plaintiff retains the right to petition the Court at a later date should the need arise. *See*, e.g., *McClean v. On the Half Shell, Inc.*, No. 3:17-CV-1434-J-20MCR, 2018 WL 8578016, at *4 (M.D. Fla. Oct. 24, 2018) (denying plaintiffs' request for production of social security numbers and noting that plaintiffs "remain free to petition the Court to order [production] at a later time, should they have difficulty locating class members"); *Maar v. Beall's, Inc.*, No. 16-CV-14121, 2016 WL 10587201, at *6 (S.D. Fla. Nov. 23, 2016) (declining to order production of social security numbers "absent further showing"); *Burroughs v. Honda Mfg. of Alabama, LLC*, 314 F.R.D. 527, 534 (N.D. Ala. 2009) (ordering production of the "last four digits of social security numbers for all individuals in the putative FLSA collective action"); *Pittman v. Comfort Sys. USA (Se.), Inc.*, No. 8:12-CV-2142-T-30TGW, 2013 WL 525006, at *2 (M.D. Fla. Feb. 13, 2013) (finding that "disclosure of social security numbers and phone numbers is unnecessary and impacts the putative class members' privacy"). Plaintiff's requested discovery is otherwise granted.

## IV. Notice

### A. Content

Defendants have not objected to the content of Plaintiff's proposed notice (DE 5-1) ("Proposed Notice") other than requesting that it be limited to Defendant Red Crab FL if the Court determined Plaintiff to have met her threshold requirement for conditional certification. DE 28. Nonetheless, I find that the proposed notice requires amendment in several respects. First, the proposed notice should identify the case in the case caption as: Case 2:22-cv-14179-MAYNARD. Second, the Proposed Notice must include a section that explains the parties have consented to

have the case decided in full by me as a U.S. Magistrate Judge. *See Day v. Persels & Associates, LLC*, 729 F.3d 1309 (11th Cir. 2013). Third, the Proposed Notice should conform to the conditionally certified class as set forth above. Fourth, the Proposed Notice should inform potential opt-in plaintiffs that they have the right to retain their own attorney. Fifth, the Proposed Notice should identify Defendants' counsel of record. Sixth, the Proposed Notice should advise potential members that they may need to participate in the discovery process, including to potentially sit for deposition. Seventh, the Proposed Notice should attach the form of the consent to join that it references. For this purpose, the form of the consents to join at DE 6-1; DE 6-2; and DE 6-3 are authorized except that they shall be modified to specifically identify the Defendant employer(s) for whom the opt-in plaintiffs work or worked. Furthermore, given the several amendments required, the parties shall confer and submit a joint proposed notice consistent with this Order.

### B. Distribution

Plaintiff requests an Order directing her to mail the Proposed Notice by first-class mail within ten days of receipt of the data file(s) from Defendants. DE 5 at 10, 12. Plaintiff also requests that potential class members be required to return their consents to join to Plaintiff's counsel within 60 days of the mailing of the notice. *Id.* Plaintiff's proposed method of distribution is fair and reasonable, and Defendants have not objected to it. Accordingly, Plaintiff's requested distribution method is granted.

### CONCLUSION

Based on the foregoing, it is therefore,

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Facilitate Notice (DE 5) is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** to the extent that it

seeks to conditionally certify servers who work[ed] at Red Crab Jensen LLC and is otherwise **GRANTED** subject to the modifications detailed herein. It is further,

**ORDERED AND ADJUDGED** that the Parties shall confer and file a joint proposed Notice to Putative Opt-In Plaintiffs incorporating the Court's ruling within seven (7) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 28th day of September, 2022.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE